CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 29 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY LINDER, ) | |
|    Plaintiff, ) | Civil Action No. 7:07-cv-00555 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VA. DEPT. OF ) | |
| CORRECTIONS, et. al., ) | By: Hon. Glen E. Conrad |
|    Defendants. ) | United States District Judge |

    Plaintiff Timothy Linder, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Linder alleges that various officers of the Virginia Parole Board abused their discretion and erroneously calculated the length of time he is required to serve on mandatory parole, that his parole is subject to "unconstitutional" conditions, and that he has now been charged with parole violations that he apparently believes occurred after his parole period should have expired. Linder seeks to be let off parole and to recover $7,200,000.00 "in damages and cost."

    Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

    Plaintiff's claims for wrongful confinement caused by defendants' allegedly unconstitutional conduct will not accrue until a court or other appropriate entity has invalidated the decisions that resulted from the allegedly wrongful conduct. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

1

Under Heck,

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87. The Heck principle also applies to claims that "call into question the fact or duration of parole or probation." See Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). Thus, a plaintiff seeking monetary damages for miscalculation of his parole period must first establish that the challenged decision by the parole board "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. If Linder could prove his allegations that his parole periods were miscalculated, such a finding would invalidate the judgments by the parole board. Thus, until a judicial body or other appropriate authority makes such a determination, his claims for damages regarding these alleged mistakes have not accrued and are not actionable under § 1983.[1] Linder does not offer any indication that the parole board's decisions have been invalidated. Accordingly, the court will dismiss the complaint without prejudice for failure to state an actionable claim under § 1983. An appropriate order shall be issued this day.[2]

---

[1] To the extent Linder seeks to be released from all remaining parole obligations, his claim arises only in habeas. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Before he may proceed with the claims in this court, he must exhaust his state court remedies by pursuing his claims in state court, concluding, if necessary, with the eventual presentation of his claims to the Supreme Court of Virginia. As his complaint offers no indication that he has taken the necessary steps for exhaustion, the court will dismiss this action without prejudice.

[2] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 28th day of November, 2007.

_/s/ Glen E. Conrad_
United States District Judge